IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL E. FRIEL | : | NO. 02-2657 |
| VS | : | |
| DR. V. GRESSNER; | : | |
| MAINTENANCE DEPARTMENT; | | |
| DELAWARE COUNTY PRISON; | : | |
| WACKENHUT CORPORATION | | |

## NOTICE OF MOTION

To:  MICHAEL FRIEL                             MICHAEL FRIEL
     C/O Delaware County Prison           149 Meadowbrook Lane
     Box 23A                                         Brookhaven, PA 19015
     Thornton, PA 19373

You are hereby notified on this 2nd day of October, 2002 that the attached **Motion to Dismiss** pursuant to Federal Rule of Civil Procedure 12(b)(6) is being filed with the Court.  According to Local Rule 7.1(c), if you wish to oppose said Motion, you must serve a Brief in Opposition, together with such Answer or other response, within fourteen (14) days after service of the enclosed Motion.  In the absence of a timely response, the Motion may be treated as uncontested.

                                  Respectfully submitted,

                                  **DiORIO & SERENI, LLP**

                    By: _____
                                  **ROBERT M. DiORIO,**
                                  Attorney I.D. #17838
                                  **CHRISTOPHER R. MATTOX,**
                                  Attorney I.D. #65874
                                  Front & Plum Streets

|  |  |
|---|---|
| Dated: October 2, 2002 | P. O. Box 1789<br>Media, PA 19063<br>(610) 565-5700<br>Attorneys for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL E. FRIEL                :   NO. 02-2657

    VS                              :

DR. V. GRESSNER;                :
MAINTENANCE DEPARTMENT;
DELAWARE COUNTY PRISON;  :
WACKENHUT CORPORATION

## ORDER

AND NOW, this _____ day of _____, 2002, upon due consideration of Defendants' Motion to Dismiss and any response thereto, it is hereby ORDERED and DECREED that said Motion is granted and Plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____
Thomas N. O'Neill, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| MICHAEL E. FRIEL | : | NO. 02-2657 |
| VS | : | |
| DR. V. GRESSNER;<br>MAINTENANCE DEPARTMENT;<br>DELAWARE COUNTY PRISON;<br>WACKENHUT CORPORATION | :<br><br>: | |

## DEFENDANTS'
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Dr. V. Gressner, "Maintenance Department", "Delaware County Prison" and Wackenhut Corrections Corporation , by and through their attorneys, Robert M. DiOrio and Christopher R. Mattox, hereby move to dismiss the Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, aver as follows:

1. Plaintiff, Michael E. Friel, Pro Se, has filed a Complaint in the above matter. A true and correct copy of the Plaintiff's Complaint is attached hereto, made a part hereof and marked as **Exhibit "A"**.)

2. Plaintiff's Complaint is deficient because it fails to state what claim(s) the Plaintiff asserts against the Defendants: It fails to state any facts which could be construed as stating claim(s) against Defendants; the Defendant "Delaware County Prison" is a correctional facility and therefore not a person amenable to suit under §1983. (A prison is not a "person" subject to suit under the

civil rights laws. *Mitchell v. Chester County Farms Prison,* 426 F.Supp. 271 (E.D.Pa.1976); *see also Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301 (E.D.N.C.1989).)

3. Similarly, the "Maintenance Department" is not an entity amenable to suit under §1983 as it is not a "person" acting under the color of law.

4. A mere inspection of the Plaintiff's Complaint, even if liberally construed in favor of the Plaintiff, does not meet even the minimal requirements of a short, plain statement pursuant to Federal Rule of Civil Procedure 8.

5. Complaints filed by *pro se* litigants are held to a less stringent standard than those drawn by legal counsel. *See Haines v. Kerner,* 404 U.S. 519 (1972). All complaints, however, must satisfy the minimal pleading requirements of the Federal Rules of Civil Procedure, which require that a pleading contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a); *see also King v. Fayette County,* 92 F.R.D. 457, 458 (W.D. Pa.1981) (stating that while a *pro se* plaintiff "is entitled to some leeway in meeting the formal pleading requirements of the Federal Rules, there is a limit to the indulgence of the law and resulting imposition on the defendants"). If plaintiff's complaint fails to meet the minimal pleading requirements under the Rules, federal courts lack subject matter jurisdiction over the complaint. *See Neitzke v. Williams,* 490 U.S. 319, 327 n.6 (1989) (stating that patently insubstantial complaints may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)). Further, a district court may dismiss a complaint *sua sponte* for lack of subject matter jurisdiction. *See Garrett v. Zavodnick,* No. 88-5477, 1988 WL 83722, at *1 n.2 (E.D. Pa. Aug. 9, 1988).

6. Defendants are entitled, pursuant to the Federal Rules, at a minimum to know what claims are being brought against them and for what reason.

7. Extrapolating from the Complaint itself and inferring a medical malpractice claim against the Defendants, the Plaintiff's Complaint must still be dismissed because medical malpractice is an insufficient basis upon which to state a §1983 claim.

8. When determining whether an inmate has stated a claim under the Eighth Amendment for denial of medical care, the courts will not intervene upon an allegation of mere negligence, mistake, or difference of opinion; for a constitutional tort to arise and for a cause of action to be stated under §1983, the complainant must allege deliberate indifference to his continued health and well-being. _Little v. Lycoming County_, 912 F. Supp. 809 (M.D. Pa. 1996), **aff'd.** 101 F.3d 691.

9. In order to demonstrate his Eighth Amendment claims based on the alleged denial of adequate medical care, the Plaintiff must show that the Defendants acted with deliberate, subjective indifference to his serious medical needs and that the deprivation was sufficiently serious to warrant constitutional protection. _Young v. Quinlan_, 960 F. 2d 351, 359-60 (3d Cir. 1992).

10. Negligent administration of medical care, however, is not unconstitutional and an inmate has no right to have the treatment he or she prefers. _Estelle v. Gamble_, 429 US 97, 105-106, (1976); _Tillery v Owens_, 719 F.Supp. 1256, 1305 (WD Pa 1989)("The Constitution does not guarantee a prisoner the treatment of his choice").

11. The Defendants should not be required to defend this action without a proper pleading placed before this Honorable Court.

12. In the alternative, if this Honorable Court should not dismiss the Plaintiff's Complaint with prejudice then he should be required to file an amended complaint which would indicate what claims the Plaintiff is attempting to bring against the Defendants.

13. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted by this Honorable Court.

**WHEREFORE**, the Defendants respectfully request this Honorable Court to dismiss the Plaintiff's Complaint with prejudice or, in the alternative, permit Plaintiff to file an amended complaint, which complies with the minimal requirements of the Federal Rules of Civil Procedure.

Respectfully submitted,

**DIORIO AND SERENI, LLP**

**Date: October 2, 2002**         BY: _____
**ROBERT M. DIORIO**
I.D. No.: 17838
**CHRISTOPHER R. MATTOX**
I.D. No.: 65874
Front & Plum Streets
P.O. Box 1789
Media, Pa. 19063
(610) 565-5700
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL E. FRIEL | : | NO. 02-2657 |
| VS | : | |
| DR. V. GRESSNER;<br>MAINTENANCE DEPARTMENT;<br>DELAWARE COUNTY PRISON;<br>WACKENHUT CORPORATION | :<br><br>: | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I     ARGUMENT**

Plaintiff, Michael E. Friel, Pro Se, has filed a Complaint in the above matter. A true and correct copy of the Plaintiff's Complaint is attached hereto, made a part hereof and marked as **Exhibit "A"**). Plaintiff's Complaint is deficient because it fails to state what claim(s) the Plaintiff asserts against the Defendants: It fails to state any facts which could be construed as stating claim(s) against Defendants; the Defendant Delaware County Prison is a correctional facility and therefore not a person amenable to suit under §1983. (A prison is not a "person" subject to suit under the civil rights laws. *Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271 (E.D.Pa.1976); *see also Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989).)

A mere inspection of the Plaintiff's Complaint, even if liberally construed in favor of the Plaintiff, does not meet even the minimal requirements of a short, plain statement required pursuant to Federal Rule of Civil Procedure 8. Complaints filed by *pro se* litigants are held to a less stringent standard than those drawn by legal counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972). All complaints, however, must

satisfy the minimal pleading requirements of the Federal Rules of Civil Procedure, which require that a pleading contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a); *see also King v. Fayette County,* 92 F.R.D. 457, 458 (W.D. Pa.1981) (stating that while a *pro se* plaintiff "is entitled to some leeway in meeting the formal pleading requirements of the Federal Rules, there is a limit to the indulgence of the law and resulting imposition on the defendants"). If plaintiff's complaint fails to meet the minimal pleading requirements under the Rules, federal courts lack subject matter jurisdiction over the complaint. *See Neitzke v. Williams,* 490 U.S. 319, 327 n.6 (1989) (stating that patently insubstantial complaints may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)). Further, a district court may dismiss a complaint *sua sponte* for lack of subject matter jurisdiction. *See Garrett v. Zavodnick,* No. 88-5477, 1988 WL 83722, at *1 n.2 (E.D. Pa. Aug. 9, 1988). Defendants are entitled, pursuant to the Federal Rules, at a minimum to know what claims are being brought against them and for what reason.

Extrapolating from the Complaint itself and inferring a medical malpractice claim against the Defendants, the Plaintiff's Complaint must still be dismissed because medical malpractice is an insufficient basis upon which to state a §1983 claim. When determining whether an inmate has stated a claim under the Eighth Amendment for denial of medical care, the courts will not intervene upon an allegation of mere negligence, mistake, or difference of opinion; for a constitutional tort to arise and for a cause of action to be stated under §1983, the complainant must allege deliberate indifference to his continued health and well-being. *Little v. Lycoming County*, 912 F. Supp. 809 (M.D. Pa. 1996), **aff'd.** 101 F.3d 691.

In order to demonstrate his Eighth Amendment claims based on the alleged denial of adequate medical care, the Plaintiff must show that the Defendants acted with deliberate, subjective indifference to his serious medical needs and that the deprivation was sufficiently serious to warrant constitutional

protection. *Young v. Quinlan*, 960 F. 2d 351, 359-60 (3d Cir. 1992). Negligent administration of medical care, however, is not unconstitutional and an inmate has no right to have the treatment he or she prefers. *Estelle v. Gamble*, 429 US 97, 105-106, (1976); *Tillery v Owens*, 719 F.Supp. 1256, 1305 (WD Pa 1989)("The Constitution does not guarantee a prisoner the treatment of his choice").

**II      CONCLUSION**

The Defendants should not be required to defend this action without a proper pleading placed before this Honorable Court. In the alternative, if this Honorable Court should not dismiss the Plaintiff's Complaint with prejudice then he should be required to file an amended complaint which would indicate what claims the Plaintiff is attempting to bring against the Defendants.

Respectfully submitted,

**DIORIO & SERENI, LLP**

Date:_____    By: _____
**ROBERT M. DIORIO**
Attorney I.D. No.: 17838
**CHRISTOPHER R. MATTOX**
Attorney I.D. No.: 65874
Front & Plum Streets
P.O. Box 1789
Media, Pa. 19063
(610) 565-5700
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. FRIEL | : NO. 02-2657 |
| VS | : |
| DR. V. GRESSNER;<br>MAINTENANCE DEPARTMENT;<br>DELAWARE COUNTY PRISON;<br>WACKENHUT CORPORATION | :<br><br>: |

### CERTIFICATE OF SERVICE

We, Robert M. DiOrio and Christopher R. Mattox, counsel for Defendants, hereby certify that a true and correct copy of the foregoing Defendants' Motion to Dismiss Plaintiff's Complaint and accompanying Memorandum of Law, were served upon the following individual via U.S. First Class Mail on October 2, 2002:

MICHAEL FRIEL
C/O Delaware County Prison
Box 23A
Thornton, PA 19373

MICHAEL FRIEL
149 Meadowbrook Lane
Brookhaven, PA 19015

**DIORIO & SERENI, LLP**

**Dated:** October 2, 2002    **BY:** _____

**ROBERT M. DIORIO**
I.D. No.: 17838
**CHRISTOPHER R. MATTOX**
I.D. No.: 65874
Front & Plum Streets
P.O. Box 1789
Media, Pa. 19063
(610) 565-5700

Attorneys for Defendants